Good morning, and may it please the court, my name is Charles Mulaney. I'm here on behalf of the appellant, Stephen Krier. I'd like to begin by briefly discussing the issues on appeal, and I'd like to reserve two minutes for rebuttal. In this case, the district court failed to apply well-established standards governing pro se complaints when it dismissed Mr. Krier's complaint without leave to amend. Mr. Krier initially filed his complaint as a proposed class action on behalf of all prisoners at King County Jail. The class action challenged a number of ongoing day-to-day conditions and policies at King County Jail on behalf of all prisoners. Mr. Mulaney, if your client were given leave to amend now, what would you put in the complaint? Well, when he amended his complaint, he was in King County Jail at the time. He was not able to redraft it. No, but if we were to hold for the sake of argument that he should have been granted a second leave to amend, what would the substance of the complaint have been? And my question is aimed toward, can you convince us that it wouldn't be futile to amend? Yes, well, I've spoken to Mr. Krier about, and he's said that, yes, he would be able to include more specific allegations in the particular circumstances that apply to him. I mean, obviously, he's challenging general policies and conditions that are applied to all prisoners, but, of course, they can be applied in varying ways depending on what was the case. Do you know, can you represent to us today what he would say about his personal situation in order to gain standing? Yes, he would be able to make a more specific claim on his lack of access to the courts. He had a personal restraint petition that he said was denied because he was not given an opportunity to develop it because of the lack of resources at the jail. He'd be able to make more specific complaints about the injuries he suffered, the aches and pains from sleeping without a pillow for months on end. He would be able to describe how he's been denied access to counsel. Mr. Krier is often sent back to King County Jail because he's part of the Drug Offender Sentencing Alternatives Program and has been sent back for infractions in that program, and there's an administrative hearing in which he needs to challenge those infractions. So he would be able to allege his particular circumstances and how his lack of access to counsel has deprived him of his constitutional rights and how his particular conditions of confinement affect him physically and mentally. So, yes, I've talked to him about this and said he'd been able to develop this complaint, but that's not something that even needs to be established for reversal. We're looking at the record as it is, and as the record shows, the district court dismissed Mr. Krier's complaint with outleaf to men based on grounds that she had not previously informed him of. And this court has repeatedly stated that a pro se plaintiff must be informed of deficiencies in the complaint and allow an opportunity to cure those deficiencies before a complaint is dismissed with outleaf to amend. And furthermore, the deficiencies the district court identified were not even a proper basis to dismiss the complaint. The district court faulted the complaint because Mr. Krier did not allege that his rights in particular were violated. Well, as I've mentioned before, it started out as a proposed class action. Mr. Krier amended the complaint naming himself as the sole plaintiff and as a detainee incarcerated at King County Jail  and therefore it can be inferred from the complaint that he had standing and he was alleging that his own rights were violated. So that was an improper basis to dismiss the complaint. The other basis the district court said was that he had not alleged where and when the violations took place. But again, there were ongoing conditions at King County Jail that he's challenging and construing the complaint liberally and granting him all reasonable inferences, it should have been construed in his favor so that he had stated a claim on behalf of himself. The district court also faulted the complaint generally without engaging in much analysis of the individual claims for a lack of precision and specificity in the court's words. That is a heightened pleading standard that's not required under Rule 8 or pro se plaintiffs in particular given that their complaint should be construed liberally. Could I ask you to back up a little bit and address this issue about, you know, the extent to which we can review the order because of the certification under Section 1915? You know, there's been an exchange of 28-J letters about the effect of not filing a motion under Rule 24, right? Yes, and... Give me your position on that now. Well, as I wrote in my letter, the very case the Attorney General cited, that proposition in the O'Neill case, in effect shows that this court does have jurisdiction and properly granted... Without such a motion? Without such a motion. This court entered an order conditionally granting Mr. Cryer informal papyrus status on appeal and it had jurisdiction to do that. The fact that Mr. Cryer never entered a motion, never filed to apply for IFP status, does not matter because the court had the authority to grant him IFP status and in fact did so. Well, the other thing about O'Neill is it seems to require a Rule 24 filing but it doesn't occur in that case. Yeah, I read the case and looked at the doc report and I didn't see anything by Rule 24 filing. I think the court... Well, I noticed that too but does that matter? I mean, in the face of, you know, the words of the opinion that says, well, you have to file a Rule 24A motion even though, you know, it doesn't say even though one wasn't filed in this case, right? Well, I think the court has the power to respond to... Could you file one today? Excuse me? Could you file one today? We could file one today. I... I'm just saying, you know. Rather than quibble about it, you could file a motion. I mean, not quibble, but I mean if you're arguing about that we have jurisdictional hook, even if you don't file a motion, which may be the case under O'Neill, I don't know, but you could certainly cure that by filing a Rule 24 motion. We can do that if... That probably would be the easy way to get around the issue, you know. Right. If necessary. But we haven't, so here we are. Right. Yeah. I see that I have two minutes left. Are there any further questions or should I save my time? I think we have your argument handled. You can reserve for a moment. Thank you. Good morning. May it please the Court, my name is Mary McLaughlin. I'm an Assistant Attorney General with the State of Washington. You can adjust the podium if you want. There's a little button beneath it if you can find it. There you go. That's more comfortable. Thank you, Your Honor. I am appearing as amicus in this case at the request of the Court. I will be addressing the issue of whether Mr. Cryer is entitled to proceed with his appeal in form of papyrus, and I will be speaking for seven minutes. Nancy Balin is here, a Deputy Prosecutor with King County, and she will be addressing the merits of Mr. Cryer's case, and she will speak for three minutes. As the Court has already noted, there was a case that came out after this Court requested briefing on this issue and that case is O'Neill v. Price, and it does raise the issue of whether the Court has jurisdiction to hear Mr. Cryer's appeal, given the fact that he did not file a 24A motion. The District Court certified that the appeal was not taken in good faith, and the O'Neill decision stated that a litigant is not entitled to proceed in form of papyrus if the District Court has certified the appeal was not taken in good faith. So what do you make of the fact that we said in O'Neill, and I sat on it, and I couldn't make head nor tail of why Rule 24, we said Rule 24 for jurisdiction when they hadn't filed a Rule 24 motion? Well, in the O'Neill case, the District Court did note that they had vacated, they had previously vacated the finding that there was a lack of good faith by the District Court and granted Mr. O'Neill in form of papyrus status before making that ruling. That didn't happen in this case. In this case, the Court granted conditional in form of papyrus for the purpose of determining whether Mr. Cryer could proceed in form of papyrus. As noted in O'Neill, the litigant may challenge certification under a Rule 24A motion, and that is not what happened. Your position is that the litigant needs to do that? Actually, Rule 24A, I believe, is jurisdictional, and a motion must be filed within 30 days of the denial of in form of papyrus. So I'm not certain that Mr. O'Neill could do that at this time. I'm sorry, not Mr. O'Neill, Mr. Cryer. A denial of in form of papyrus is reviewed under an abuse of discretion standard, and in reviewing a denial of in form of papyrus, the District Court is allowed to pierce the veil of the complaint's factual allegations to determine whether the District Court, in their discretion, believes that there is merit to the complaint. It's different than the review applied under a motion to dismiss when the allegations of the complaint must be taken as true. In the United States Supreme Court of Denton v. Hernandez, the District Court in that case had actually reviewed the complaint, along with other complaints that had been filed in other matters by that same plaintiff, in order to determine that there was some question about the veracity of the complaint, and that was accepted by the court. In this case, a similar thing happened where the District Court reviewed Mr. Cryer's complaint. The District Court also reviewed other complaints that Mr. Cryer had filed in other matters, and essentially pierced the veil of the factual allegations and found that he had failed to state a claim and that amendment would be futile. Let me shift the discussion just a little bit. The motions panel of our court conditionally granted IFB status on appeal, right? Yes. Now, that order observed that, you know, whether or not the District Court was correct in its order, but turned on a legal issue. Now, suppose the District Court, hypothetically speaking, you know, was in error in concluding that here the plaintiff was not entitled to IFB status, I think because of three strikes, right? Was that the reason given? Not exactly, Your Honor. No. It was found to be not in good faith. At the same time, it was found to be a strike, but not necessarily was it found to be not in good faith because it was a third strike. It was found to be a strike. It was a third strike. It was a third strike. Was it an automatic disqualifier? No, Your Honor. That is an issue that the court asked us to address, but not necessarily was it because this was Mr. Cryer's third strike, but because it was a strike. It could have been his second strike. It could have been his first strike. But the circumstances that caused Mr. Cryer to receive a strike are the same circumstances that caused the appeal to be found to be not in good faith by the court. It's not necessarily This is just preliminary to my real question. So assuming, this is just another assumption, but assuming we can review that order and we review it and then we determine that, well, the legal basis of the district court's order was erroneous and obviously this whole thing goes away, right? I mean, in other words, what I'm getting at is, in some sense, the merits are wrapped up with this IFP status argument, isn't it? If the court has jurisdiction to hear that, then the merits would be relevant to the point of determining whether the court abused its discretion. With regard to one of the questions that the court did ask us to address, and again, assuming that the court has jurisdiction, with regard to whether a third strike can count to bar an appeal of that issue, the courts are split on that issue, and the 3rd, 5th, 8th, and 10th circuits have found that a strike does not count to bar an appeal until that strike has either been exhausted or waived. Does that make sense? Well, in contrast to the 7th circuit, which has found the opposite, is that a third strike does count to bar an appeal. Right, we do have a split of circuits, though, but it seems to me that it makes sense not to count the strike until the appeals have been exhausted. I mean, it's a circular logic, it seems to me, to say, this is your 3rd strike and therefore you don't get to appeal the merits of it. Well, it is consistent with the findings... ...of meritorious appeal. It is consistent with O'Neill, which found that your method is to file a Motion 24A, and then assuming that if the court reviews that and reverses the finding of the strike, then it vacates that denial and the appeal can go forward. It's also consistent with the plain language of the Prison Litigation Reform Act, which discusses actions and appeals in the alternative. A strike may be assessed for an action or an appeal, and an action or an appeal may be barred by a strike. So you agree with the fear I expressed to my dissent in O'Neill, that you could strike out in one case and get three strikes in one case, because you could hit a trifecta. If I recall, and I'm not entirely sure... You're denied FP on appeal, you're denied FP. Hello, it's dismissed. You could strike out in one case. I seem to... Well, you can get a strike on the district court and at the appellate level, certainly. So you think we can get two strikes in one case? Yes, you are. That's a bit... Well, it is consistent with the Prison Litigation Act, which is... I mean, it's not that we want to... The idea was to stop frivolous litigation, and we all support that. But on the other hand, to have one suit in which you get at least two strikes and maybe three and be barred forever seems to be a strained reading of the purpose of the statute. I would argue that it is consistent with the purpose of the statute, in that if a litigant has a frivolous request for informal paupers and then files a frivolous lawsuit and then files a frivolous appeal... Three strikes, one case. But it's really... It's hard to see how you can file one case and then be incarcerated with a three-strike bar. I understand. I am eating into my... No, that's fine. Any further questions? No. Thank you, Your Honor. Your argument. Good morning. May it please the Court. My name is Nancy Bailyn. I'm a deputy prosecuting attorney, and I'm representing King County in this matter. And as counsel mentioned, I'm going to briefly, with the time remaining, address both the fact of the dismissal and, for a few moments, the merits of the actual two tries at the complaint. First of all, with regard to the order... With regard to the dismissal of the case, the magistrate and the court below used their discretion, to which they were entitled, and did not err in declining to give Mr. Cryer a second chance to amend his complaint. The original order declining to serve the complaint and granting leave to amend provided very clear guidelines to Mr. Cryer about what he was missing. First, the magistrate laid out the elements for establishing a prima facie case under Section 1983, all of them. Well, what about Mr. Mulaney's point that, well, the dismissal without leave was really based on a point of which the pro se plaintiff was not made aware earlier? That's actually an inaccurate reading of... You don't agree with that characterization? No, not at all, Your Honor. In fact... Because? Because what the court did the first time was she actually... First, she gave him the elements of the 1983 claim. Then in the... This is the original order. Then she went on to say, so in other words, Mr. Cryer, and I'm paraphrasing, you need to allege where you were incarcerated, whether you were incarcerated, when and where, to show that your rights were violated and by which facts show that and by which defendants and what harm you suffered. So she paraphrased the Section 1983 elements into even plainer language and mentioned if you're going to continue to name the director, then you have to cite the customer policy which has been promulgated, which is causing violations. So she laid it out in the legal language and she laid it out in more lay language. And then she said, and if you don't, this will be dismissed, and then offered the form of the complaint so that he could have a format... Which he didn't use. Which he opted not to use, despite the fact that he's well aware of how to do this, having been in U.S. District Court seven prior times. So that's the first order. It's the second one, of course, which is the crux of opposing counsel's argument, which is that somehow there were newly identified grounds, and in fact, there weren't newly identified grounds. The magistrate quoted from her original order and said, here's what I told you you had to lay out. And in fact, all he did was he took out the quote-unquote class action language, which were denied to him, that status was denied to him for obvious reasons, in his first two pages. And then he submitted the rest of the complaint exactly as it was before, not least naming as the injured party plaintiffs, plaintiffs, plaintiffs. At no point did he say, I was in this specific place on this date and time, and that officer did X to me and I was hurt in this way. All of those factors, which the court had told him he had to include, were again missing. I believe that the magistrate used the word recycled. And that's exactly what Mr. Cryer did. He, with the 60 days granted to him, the double, the amount, he was granted an extension of the original 30, he changed almost nothing, added the word amended, took out the class action, changed the date and said that he was at a different prison or about to go there. He didn't change a thing. There weren't newly identified grounds. Now, in her, in the report and recommendation, the court, after citing what she had told him originally, then did some summarization using some different English words than she did the first time, granted. But there were no new grounds. And, in fact, she did note his experience with the court, with the same court, with filing complaints. What Mr. Cryer did was file essentially the exact same complaint, and the court complained about his lack of effort in trying to meet the conditions that she had listed for him the first time. And interestingly, in Mr. Cryer's brief in this court, he conclusively states that there were newly identified grounds, and I'm making quote marks with my fingers, but there's no argument about what was new. There's nothing in Mr. Cryer's brief that says, well, this time she said I had to say X, Y, and Z. But I never heard that before. There's no details about what was new, besides, similar to Mr. Cryer himself, a conclusory remark with no details or facts to back that up. Now, moving briefly or quickly to the merits, the court was justified in dismissing the complaint. And this is where I want to make clear that there is a difference between a strike and a dismissal in this case. This dismissal was eventually termed a strike, was found to be a strike, because the complaint was brought in bad faith or not in good faith. But the dismissal itself was on the merits or lack thereof, the lack of or the failure to state a claim under 1983. The fact is, and the court is well aware of the purposes of the PLRA, as Judge Thomas commented on a few moments ago, the court has a right to manage its dockets. It has a responsibility to watch over the public purse. And remember also, the issue here is IFP status with a strike. It's not whether Mr. Cryer can appeal. He can appeal if he pays his filing fee. It's about the removal of the requirement to pay a filing fee, not a barring of an appeal. So, again, as far as the merits, what Mr. Cryer needed to show was that his rights were violated, not an unnamed group of plaintiffs. And he needed to show when. He mentioned that he was in and out, as he put it, of the two facilities over a 17-year period starting in 1991. And he's probably going to be there again. Whether or not it's the case that Mr. Cryer will be visiting us again in King County, there's no basis there to state a 1983 claim. His complaint, both of them, were conclusory. His allegations were nonspecific. It's still read as a class action. And, in fact, he concedes in his brief that individually listed conditions don't themselves rise to violate constitutional rights and instead wants the court to adopt the test that this court rejected in Wright v. Russian, essentially, as I put in the brief, that if you have a big enough pile of separate, relatively minor or not constitutionally based allegations, somehow that metamorphoses into a 1983 claim. That's not the case here, Your Honor. Wright v. Russian is the law. And, in fact, that district court was reversed because it found a totality of conditions argument was enough for an injunction. And, in fact, what is required is a finding that any one condition violates the Constitution. Mr. Cryer failed to do that the second time. And he failed to do it the second time. And the district court was not in error and should be affirmed. Thank you, counsel. Thank you, Judge. I'd like to address the argument about the deficiencies pointed out by the magistrate judge in the initial order. The magistrate judge identified three specific deficiencies for Mr. Cryer to cure. She said that he cannot bring class action because he's not a lawyer and he did not appear to be incarcerated at the time. He filed the class action complaint. Mr. Cryer actually drafted the complaint before he was sent back to King County Jail and sent it from his home address. The second deficiency was that he must allege where and when he was incarcerated. Again, because it did not appear he was currently incarcerated, the district court said he must allege where and when he was incarcerated. In her language, the complaint omits any allegation that the plaintiff was held in custody in any facility operated by the Department of Adult and Juvenile Detention. The plaintiff must allege where and when he was incarcerated. Mr. Cryer did that. He said, I'm currently incarcerated in the man complaint and I have been many times in the past since 1991. So he cured the class action problem and he cured the problem about where and when he was incarcerated. The last deficiency identified by the district court was that he must identify individual defendants who caused his harm or if he was going to name just the director as the defendant to allege a custom and policy attributable to that defendant. Mr. Cryer changed the defendant to King County Jail as a whole and alleged that the policies he's challenging are practiced and enforced by all correctional staff at King County Jail. Therefore, he cured that third deficiency. In the order of dismissing the complaint, the district court identified two entirely new deficiencies that he did not allege where and when the violations took place. That was not in the initial order. That was he was supposed to cure where and when he was incarcerated. And then she also faulted him for not alleging that he himself was subject to those conditions. Again, I discussed that. That's inferred from the complaint. And she also faulted the complaint generally for a lack of precision and specificity. That was not an instruction in the initial order. Nor was Mr. Cryer directed or ordered to use the form complaint in redirecting his complaint. And given the form complaint would only allow him one page to describe his allegations, it makes sense why he, given that he doesn't have access to enough paper at King County Jail, he asked for a copy of his original complaint and reattached nine pages of allegations from his original complaint. And if Mr. Cryer is given leave to amend now, as he stated in his report and recommendation, his amendment would be much more meaningful if he was able to redraft his complaint. I'm sorry. Mr. Cryer stated his objection to this report and recommendation. The district court did not address any of the arguments in that objection. And all Mr. Cryer is asking for is an opportunity to amend his complaint. And he very thoughtfully and intelligently tried to comply with the district court's orders, and was not allowed that opportunity. What about the observation the magistrate judge makes toward the end of her report that, well, it would be futile anyway to try to amend because he can't meet the PLRA requirement of showing physical injury? Is he able, do you think, to allege something to meet that requirement? Yes, because his allegations for violations of his constitutional rights for nominal and punitive damages don't have to satisfy that requirement. And, moreover, the court has said that the prior showing of physical injury only needs to be more than de minimis. The fact that Mr. Cryer was alleging that, you know, aches and back pain, neck pain, and that he was subject to extreme temperatures and given inadequate bedding, claims like that can be considered in relation to each other. The Supreme Court has said that in the Wilson v. Sider case. Justice Scalia even used that as an example of extreme temperatures and being not provided with adequate blankets can be related conditions that can be considered together. And those conditions would satisfy the physical injury requirement in this case. Any further questions? Thank you, counsel. We appreciate your pro bono service to the court. It's very helpful. And I appreciate the Attorney General's amicus participation, too. Although it may seem a small case in one sense, it affects hundreds and hundreds of cases, so it's an important case to us. Thank you very much. Yes, thank you. Next case on the oral argument calendar is Nodder v. Astru.
judges: Fletcher B. , Tashima, Thomas